### Rosado v. Hernández et al.

### Appeal from the District Court of Mayagüez.

#### No. 663.—Decided May 22, 1911.

Costs—Attorney's Fees—Discretionary Power of Trial Judge—Degree of Blame of Party Against Whom Judgment Is Rendered.—In accordance with section 327 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, the trial court has the power to allow attorney's fees and costs discretionally, taking into consideration the degree of blame of the party against whom judgment is rendered; and this court will not disturb the conclusion of said court as to the degree of blame unless abuse in the exercise of said discretion is shown.

Id.—Memorandum of Costs—Evidence Relative to Items.—If it appears from the record that the services which are specified in the items of the memorandum of costs were rendered, said memorandum cannot be successfully opposed on the ground that no evidence was introduced in support thereof.

The facts are stated in the opinion.

*Mr. Juan Quintero González de Quijano* for appellant.
*Mr. Angel A. Vázquez* for respondents.

Mr. Chief Justice Hernández delivered the opinion of the court.

By virtue of an order of execution issued by the District Court of Mayagüez to the marshal thereof, for the execution of a judgment rendered in favor of Agustín Hernández Mena in a suit brought against Julio Medina González for the recovery of a sum of money, said marshal levied an attachment on a property considered as belonging to Medina, which consisted of 12 *cuerdas* of land and a dwelling house situated in *barrio* Sábalos in the municipal jurisdiction of Mayagüez. The auction sale of said property was set for November 24 of the year last past.

Before the public auction announced was held Arturo

Rosado Fussá filed in said court a complaint in intervention against Agustín Hernández Mena and Julio Medina González, wherein he prayed that a judgment be rendered declaring that the property attached belonged to him, since he acquired it from Medina González by virtue of a deed of purchase and sale executed on January 12, 1910, and that Hernández Mena be adjudged to pay the plaintiff the sum of $250 for damages and the costs.

In the said complaint Rosado Fussá also prayed that a preliminary injunction be issued against Agustín Hernández Mena, Julio Medina González, and Ramón Irizarry Ursulich, marshal of the District Court of Mayagüez, restraining them from selling the attached property. The court set a day for the hearing of the petition, and upon the giving of a bond of $800 by the petitioner, Rosado Fussá restrained the parties.

In answering the complaint, Hernández Mena agreed that it be sustained in so far as related to the action in intervention, each party to pay his own costs; but he requested that said complaint be dismissed as regards the claim for damages alleged to have been suffered by the plaintiff.

In regard to the application for injunction, the same was opposed by Hernández Mena, who requested that the restraining order previously issued be revoked.

After hearing the arguments of the parties, the court granted the preliminary injunction prayed for, the parties being restrained in the manner which had been provided.

After the trial of the case a judgment was rendered which, copied literally, reads as follows:

"This case was called for trial on the ninth of December, 1910. The plaintiff appeared through his counsel, Mr. Angel A. Vázquez, and the defendant, Agustín Hernández Mena, appeared personally, the other defendant, whose default was entered in the record, having failed to appear. The court, considering the pleadings and after hearing the evidence introduced and the arguments of the parties who appeared, reserved judgment until to-day, when it declares that

the law and the facts are in favor of the plaintiff in so far as the same relate to his complaint in intervention and the petition for injunction. And in regard to the damages claimed by the plaintiff, the court is of the opinion that it was not shown that the defendant, Agustín Hernández Mena, had acted in bad faith in levying the attachment to which the complaint refers, nor that the amount of damages suffered by the plaintiff had been clearly shown. But it does appear from the evidence that the attachment was not dissolved by defendant Hernández, after having express knowledge of the transfer of the property, and that he compelled the plaintiff to resort to the courts, and therefore said defendant, Hernández Mena, must be condemned to pay the costs. The court therefore sustains the complaint in intervention and orders that the attachment, which was levied on said property at the request of Hernández Mena, be dissolved and canceled. The property is described as follows:

" 'A parcel of land situated in *barrio* Sábalos of this municipality planted to pasture, minor fruits, and sugar cane, with a one-story wooden dwelling house thereon, composed of 12 *cuerdas,* equivalent to 4 hectares, 61 ares, and 64 centiares, bounded on the north by a vecinal road and on the east by lands of Francisco Ramírez.'

"And it is declared by the court that none of the defendants has any real or personal right, title, or interest of any kind in the aforesaid property, and that the same belongs to the plaintiff, Arturo Rosado Fussá. The preliminary injunction which was granted in this cause is made permanent and perpetual, and the costs of this litigation are taxed against the defendant, Agustín Hernández Mena.

"Let this judgment be entered in the proper book of this court and a writ issue to the marshal for its execution.

"Mayagüez, P. R., December 12, 1910. (Signed) Otto Schoenrich, District Judge."

From this judgment Agustín Hernández Mena took an appeal to this Supreme Court in so far as said judgment decreed the perpetuity of the injunction definitively and the taxation of costs against him.

Under these circumstances Rosado Fussá presented in the court below a memorandum of the expenses which should be reimbursed him by Hernández Mena, which consisted of the following items: One of $8.70 for fees paid to the sec-

retary; another of $3 paid to Juan Arroyo Mestre for serving summons on the defendants; the third of $200 paid to counsel, Angel A. Vázquez, for his professional services in the case; and the last of 50 cents paid to Americo Puig y Rosado for serving a copy of the memorandum of costs on Hernández Mena; in all, $212.20.

All these items, with the exception of the first, were objected to by Hernández Mena; and the parties having agreed to submit the memorandum and the objection to the consideration of the court without further requisite, the latter approved said memorandum by order of January 9 last, without other modification than that of reducing the attorney's fees to the sum of $125. From this order Hernández Mena also took an appeal to this Supreme Court.

As may be seen, the appeals submitted for our consideration are two: One is taken from the judgment rendered by the District Court of Mayagüez on December 12 of the year last past in so far as it decrees the perpetuity of the injunction and the imposition of costs on Agustín Hernández Mena, and the other is from the order approving the memorandum of costs in the aforesaid form.

As to the first appeal, section 327 of the Code of Civil Procedure, as amended by the Act of March 12, 1908, provides that attorney's fees and costs shall be allowed at the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered.

The trial court, in view of the result of the evidence, concluded that Agustín Hernández Mena did not dissolve the attachment after having been expressly notified of the transfer of the property, thereby compelling the plaintiff to bring the present action in intervention; and there is nothing in the statement of the case showing that the court below committed manifest error in taking such a view of the matter. Therefore it could not be alleged under any circumstances

that said court abused the discretionary power that the law conferred upon the same to allow attorney's fees and costs.

No appeal having been taken from the judgment in so far as it sustained the complaint in intervention which was acquiesced in by Hernández Mena, who in his answer acknowledged the right of the plaintiff, the appeal taken from the judgment, as to the order making the injunction perpetual, has no object inasmuch as the purpose of said injunction is to prevent the judicial sale of the property attached, and even should it be dissolved, the judgment would be a bar to said sale for the purpose of satisfying Julio Medina González's debt with the proceeds of a property which is declared to belong to Arturo Rosado Fussá. It is useless then to discuss the grounds of the appeal by which the reversal of the order making the injunction perpetual is sought.

As to the order appealed from approving the memorandum of costs with the modification made by the trial judge, the briefs filed with this Supreme Court by counsel for Hernández Mena tend to show that in this case the special imposition of costs was not proper, and that no evidence having been introduced to show that the items included in the memorandum of costs had been paid by Rosado Fussá, Hernández Mena could not have been condemned to reimburse him said costs.

We have already stated that the court below committed no abuse of discretion in taxing the costs against Agustín Hernández Mena, and as it appears from the record that Juan Arroyo Mestre served the summons on the defendants, that Attorney Ángel A. Vázquez conducted the defense of Juan Rosado Fussá in the suit, and that the delivery of the memorandum of costs was made to Agustín Hernández Mena, there is no doubt that the items included in said memorandum, as approved by the judge, are really due to Rosado Fussá.

For the reasons aforesaid we are of the opinion that the judgment rendered by the District Court of Mayagüez on

December 12 of the year last past should be affirmed in so far as the same has been appealed from, and that the order appealed from rendered on January 9 of the current year should also be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro, and Aldrey concurred.